FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 SEP -6 PM 4:33

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO. _____

ATRIUM 5 LIMITED, a foreign corporation,

    Plaintiff,

v.

NURJAHAN BEGUM, REEDH FOOD MART, INC., MARY DEE JOHNSON, and FELCIA A. DALLAS, as Personal Representative of the ESTATE OF ANTONIO L. SMITH,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, ATRIUM 5 LIMITED ("Atrium"), by and through its undersigned counsel, hereby files this Complaint for Declaratory Judgment against Defendants, NURJAHAN BEGUM, REEDH FOOD MART, INC., MARY DEE JOHNSON, and FELCIA A. DALLAS, as Personal Representative of the ESTATE OF ANTONIO L. SMITH, seeking a declaration of non-coverage and says:

### JURISDICTION AND VENUE

1.)     Atrium is a foreign entity organized under the laws of the United Kingdom, with its principal place of business located in the United Kingdom.

2.)     Defendant, Nurjahan Begum ("Begum"), is a resident of Orange County, Florida, is a citizen of the State of Florida, is *sui juris*, and otherwise subject to this Court's personal jurisdiction.

3.) Defendant, REEDH Food Mart, Inc. ("REEDH"), is a Florida corporation with its principal place of business located at 900 South Ivey Lane, Orlando, FL 32811, and is otherwise subject to this Court's personal jurisdiction.

4.) Defendants, Begum and/ or REEDH, operate the Ivey Lane Food Mart a/k/a Big Brothers Food Mart located at 900 South Ivey Lane, Orlando, FL 32811 (the "Food Mart").

5.) Defendant, Mary Dee Johnson ("Johnson"), is a resident of Byromville, Dooly County, Georgia. Defendant, Johnson, is the owner and commercial lessor the property located at 900 South Ivey Lane, Orlando, FL 32811 (the "Property") and occupied by Defendant, REEDH.

6.) At all times material hereto, Defendant, Johnson, has and continues to conduct business in Orange County, Florida, including, but not limited to, the for-profit lease of the Property, and is otherwise subject to this Court's personal jurisdiction.

7.) Defendant, Felcia A. Dallas ("Dallas"), a resident of Orange County, Florida, has been appointed the Personal Representative of the Estate of Antonio L. Smith (the "Estate"), pursuant to an order entered in Orange County, Florida Probate Court Case No. 2017-CP-001845-O, and both the Estate and Dallas are therefore subject to this Court's personal jurisdiction.

8.) Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over the claims asserted herein based upon the Parties' diversity of citizenship, as Atrium is diverse from all Defendants, and the amount in controversy exceeds $75,000.00.

9.) Venue is proper in the Orlando Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391 and Local Rule 1.02(c) because Orange County has the greatest nexus with this action as the events giving rise to this litigation occurred in Orange County, Florida and the majority of the party-defendants reside and/ or maintain a principal place of business in Orange County, Florida.

## GENERAL ALLEGATIONS

10.) This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to Atrium's obligations under a policy of insurance bearing policy number MERCFL008830 and issued to "Nurjahan Begum d/b/a REEDH Food Mart" for the period of January 15, 2016 to January 15, 2017 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A."

11.) Atrium is uncertain as to its duties, rights, and obligations under the Policy and files this declaratory judgment action to resolve questions of coverage under the Policy, including its duties to defend and/ or indemnify Defendants, Begum, REEDH, and/ or Johnson, in a certain lawsuit filed by Defendant, Dallas, as personal representative of the Estate, in Orange County, Florida Circuit Court arising from the murder of Defendant, Dallas's son, Antonio L. Smith (the "Decedent"), styled <u>Felcia A. Dallas, as Personal Representative of the Estate of Antonio L. Smith, Jr. v. Mary Dee Johnson, Reedh Food Mart, Inc. d/b/a Ivey Lane Food Mart a/k/a Big Brothers Food Mart</u>, Orange County Circuit Court Case No. 2017-CA-007241-O (the "Underlying Lawsuit"). A true and correct copy of the Complaint filed in the Underlying Lawsuit is attached hereto as Exhibit "B".

12.) Specifically, on or about November 18, 2016, the Decedent was shot and killed by an unknown criminal assailant on and/ or in the subject Property owned by Defendant, Johnson, and occupied by Defendants, Begum and/ or REEDH. *See* Complaint ¶ 11.

13.) Upon information and belief, the attack began outside of the Food Mart and culminated with the shooting and murder of the Decedent inside the Food Mart. *See* Complaint, generally.

14.) As of the filing of this complaint, the gunman has not been identified, arrested, or charged.

15.) Defendant, Dallas, in her capacity as personal representative of the Estate, filed the Underlying Lawsuit alleging a negligent security theory against Defendants, Johnson and REEDH, for the subject shooting.

16.) Specifically, the four-count Complaint asserts causes of action for negligence on behalf of the Estate and claims that each Defendant was negligent by failing to provide adequate security on the property, including: (a) failing to provide adequate and reasonable physical security; (b) failing to employ adequate and reasonable security guidelines; (c) failing to have working security systems; and (d) failing to otherwise provide adequate security that would have prevented the shooting and murder of the Decedent. *See* Complaint ¶¶ 16(a)-(p), 22(a)-(j), 23(a)-(p), 29(a)-(s), and 36(a)-(p).

17.) The Policy attached hereto as Exhibit "A" was in force and effect at the time of the November 18, 2016 shooting and murder of the Decedent, subject to its terms, conditions, exclusions, and limitations. However, an actual and present controversy exists as to whether or not the Policy obligates Atrium to defend and/ or indemnify Defendants, Begum, REEDH, and/ or Johnson, against the claims arising out of the subject incident.

18.) It is Atrium's position that there is no coverage under the Policy for any claims resulting from the subject shooting and murder of the Decedent and, accordingly, that it has no duty to defend and/ or indemnify Defendants, Begum, REEDH, and/ or Johnson, with respect to any such claims.

19.) Atrium has and will continue to incur reasonable and necessary attorneys' fees and costs related to this action, the Underlying Lawsuit, and the matters raised herein.

## COUNT I

## THE ASSAULT AND BATTERY EXCLUSION PRECLUDES COVERAGE FOR THE UNDERLYING LAWSUIT

20.) Atrium incorporates paragraph 1 through 19 above, as if fully restated herein.

21.) The claims asserted in the Underlying Lawsuit are excluded from coverage pursuant to the terms, conditions, exclusions, and/ or limitations of the Policy.

22.) The Policy provides certain coverage to claims of bodily injury and property damage, subject to certain exclusions. *See* Policy, CG 00 01 04 13, p.1.

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

23.) The Policy does not, however, provide coverage for any claims of bodily injury or property damage stemming from an assault and/ or battery. *See* Policy, Combination Endorsement LL0001, page 1.

> **ASSAULT AND BATTERY EXCLUSION**
> Notwithstanding anything in the policy to the contrary, it is understood and agreed that this insurance excludes claims arising out of:
> A. Assault and/or Battery committed by any person whosoever, regardless of degree of culpability or intent and whether the acts are alleged to have been committed by the insured or any officer, agent, servant or employee of the insured by any other person; or
> B. Any actual or alleged negligent act or omission in the:
>     1.    Employment;
>     2.    Investigation
>     3.    Supervision
>     4.    reporting to the proper authorities or failure to so report; or
>     5.    Retention;

Of a person for whom any insured is or ever was legally responsible, which results in Assault and/or Battery; or

C. Any actual or alleged negligent act or omission in the prevention or suppression of any act of Assault and/or Battery.

24.) The shooting and resulting murder of the Decedent arose from an "assault" and/ or "battery" committed by the unidentified criminal assailant. The Assault and Battery Exclusion, quoted above, clearly and unambiguously excludes coverage for an assault and/ or battery "committed by any person whosoever, regardless of degree of culpability or intent".

25.) Accordingly, the subject shooting and murder of the Decedent are excluded from coverage under the Policy under the Assault and Battery Exclusion.

26.) Based on the foregoing, an actual, present controversy exists as to whether:

    a. The shooting and murder of the Decedent, as well as the damages claimed by the Estate, arose from an "assault" and/ or "battery";

    b. The facts and circumstances of this case fall within the Policy's Assault and Battery Exclusion;

    c. The Estate's claims in the Underlying Lawsuit are covered by the Policy; and/ or

    d. Atrium owes Defendants, Begum, REEDH, and/ or Johnson, a duty to defend or indemnify with respect to the claims asserted in the Underlying Lawsuit or otherwise stemming from the November 18, 2016 murder of the Decedent.

WHEREFORE, Atrium respectfully requests the Court enter a Declaratory Judgment determining that there exists no coverage under the Policy for any claims resulting from the subject incident, including, but not limited to those asserted by the Estate in the Underlying Lawsuit, and that Atrium owes no duty to defend or indemnify with respect to any such claims.

## COUNT II

## DEFENDANT, REEDH FOOD MART, INC., IS NOT A NAMED INSURED UNDER THE POLICY

27.) Atrium incorporates paragraph 1 through 19, above, as if fully restated herein.

28.) The Policy identifies "Nurjahan Begum d/b/a REEDH Food Mart" as the sole insured. *See* Policy, Exhibit "A".

29.) The Underlying Lawsuit filed by Defendant, Dallas, as personal representative of the Estate, names "REEDH Food Mart, Inc. d/b/a Ivey Lane Food Mart a/k/a Big Brother's Food Mart", a Florida corporation, as the sole defendant. *See* Complaint, Exhibit "B".

30.) REEDH Food Mart, Inc is not a named or additional insured under the Policy.

31.) The Underlying Lawsuit does not name or otherwise identify Defendant, Begum, or "Nurjahan Begum d/b/a REEDH Food Mart" as a defendant in, or party to, the Underlying Lawsuit.

32.) Based on the foregoing, an actual, present controversy exists as to whether:

    a. REEDH Food Mart, Inc. is an insured under the Policy; and

    b. Atrium owes Defendant, REEDH, a duty to defend or indemnify with respect to the claims asserted in the Underlying Lawsuit or otherwise stemming from the November 18, 2016 murder of the Decedent.

WHEREFORE, Atrium respectfully requests the Court enter a Declaratory Judgment determining that Defendant, REEDH Food Mart, Inc. is not an insured under the Policy and, accordingly, that Atrium owes no duty to defend or indemnify REEDH Food Mart, Inc. d/b/a Big Brother's Food Mart.

FIELDS HOWELL LLP | 9155 SO. DADELAND BLVD.| SUITE 1012 | MIAMI, FL 33156 | T: 786-870-5600 | F: 855-802-5821

## COUNT III

## DEFENDANT, MARY DEE JOHNSON, IS NOT A NAMED INSURED UNDER THE POLICY

33.) Atrium incorporates paragraph 1 through 19, above, as if fully restated herein.

34.) The Policy identifies "Nurjahan Begum d/b/a REEDH Food Mart" as the sole insured. *See* Policy, Exhibit "A".

35.) Defendant, Johnson, is not an insured or additional insured under the Policy. *See* Policy, Exhibit "A".

36.) On or about July 11, 2017, a Certificate of Liability Insurance was generated by Defendant, Begum's independent insurance agent, Garland Insurance Agency, identifying Defendant, Johnson, as a "Certificate Holder". *See* Certificate of Liability Insurance, attached hereto as Exhibit "C".

37.) The Certificate of Liability Insurance unequivocally states that it is issued for solely purposes of information and does not create or extend coverage under the Policy:

> THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON YOU THE CERTIFICATE HOLDER. THE CERTIFICATE IS NOT DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES LISTED BELOW.

*See* Certificate of Liability Insurance, Exhibit "C".

38.) The Certificate of Liability Insurance, by its very terms, confirms that it is powerless to amend the terms and conditions of the Policy.

39.) Moreover, the Certificate of Insurance does not identify Defendant, Johnson, as an insured or additional insured under the Policy.

40.) Accordingly, as Defendant, Johnson, is not an insured or additional insured under the Policy, she is not entitled to a defense and/ or indemnity under the Policy for any claims brought

by and/ or on behalf of the Estate in the Underlying Lawsuit or otherwise related to the subject November 18, 2016 incident.

    41.) Based on the foregoing, an actual, present controversy exists as to whether:

        a. Defendant, Johnson, is an insured under the Policy; and

        b. Atrium owes Defendant, Johnson, a duty to defend or indemnify with respect to the claims asserted in the Underlying Lawsuit or otherwise stemming from the November 18, 2016 murder of the Decedent.

WHEREFORE, Atrium respectfully requests the Court enter a Declaratory Judgment determining that Defendant, Mary Dee Johnson, is not an insured under the Policy and, accordingly, that Atrium owes no duty to defend or indemnify Defendant, Johnson.

**WHEREFORE,** Plaintiff, ATRIUM 5 LIMITED, requests the Court:

    (1) Declare that Atrium has no duty or obligation to provide a defense or indemnify with respect to the Underlying Lawsuit as the alleged loss is excluded from coverage under the Policy's Assault and Battery Exclusion;

    (2) Declare that Atrium has no duty or obligation to provide a defense or indemnify Defendant, REEDH Food Mart, Inc., as it is not an insured under the Policy;

    (3) Declare that Atrium has no duty or obligation to provide a defense or indemnify Defendant, Mary Dee Johnson, as she is not an insured under the Policy;

    (4) Enter final judgment in Atrium's favor and against the Defendants on any and all grounds set forth in this Complaint;

    (5) Award Atrium its costs; and

(6)     Award such other relief the Court deems just.

Respectfully submitted this ___5___ day of ___September___, 2017.

           **FIELDS HOWELL LLP**
           Attorneys for Plaintiff, Atrium 5 Limited
           9155 S. Dadeland Blvd.
           Suite 1012
           Miami, Florida 33156
           Tel: (786) 870-5600
           Fax: (855) 802-5821

By: _____
       Armando P. Rubio, Esq.
       Florida Bar No.: 478539
       arubio@fieldshowell.com
       service@fieldshowell.com